AMENDED MEMORANDUM**
1. The state court’s rejection of Sean O’Brien’s claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), was objectively reasonable. No evidence suggested that Dr. Rollins was under the influence of drugs when he conducted the autopsy or testified at trial. The state court reasonably determined that impeaching Dr. Rollins based on the conduct underlying his drug-related offenses would not have undermined the jury’s reliance on his testimony.
2. The state court reasonably applied Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in rejecting O’Brien’s allegation that his trial attorney’s failure to request a continuance constituted ineffective assistance of counsel. Counsel explained why he chose to proceed with the trial even after receiving belated notice that Wellman had changed his story — he believed that impeaching Wellman’s testimony would be the best trial strategy, that he had an ample basis for doing so already, and that further delay would not be helpful. The state court’s determination that this decision was professionally competent was not objectively unreasonable, and therefore merits deference under AEDPA.
3. The state court’s application of Strickland to O’Brien’s claim that trial counsel rendered deficient performance in presenting his defense was objectively unreasonable. Because the state court denied O’Brien’s request for an evidentiary hearing and did not issue an order to show cause, the state, court’s task under Strickland was to decide whether the allegations in O’Brien’s habeas petition, if accepted as true, established a prima facie case of ineffective assistance. See Gannedy v. Adams, 706 F.3d 1148, 1160 (9th Cir.2013).
.The state court rejected O’Brien’s inef-; fective assistance claim on. the ground that, even if counsel’s performance in .presenting. O’Brien’s defense was deficient, O’Brien failed to establish prejudice under Strickland. To establish, prejudice, O’Brien needed to show that, if counsel had performed in the manner that O’Brien argues he should have, there is a reasonable probability that the result of the trial would have been different.. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Stated differently, O’Brien needed to show that, but for counsel’s allegedly deficient performance, there is a reasonable probability that at least one juror would have credited the additional, evidence and harbored a reasonable doubt about his guilt. See Gannedy, 706 F.3d at 1166. To make that determination, the court had to “compare the evidence that actually was presented to the jury with' that which could have been presented had .counsel acted *778 appropriately.” Id. at 1163 (quotation marks omitted).
O'Brien state habeas petition alleged facts that, if. accepted as true, showed that trial counsel failed to introduce available evidence that would have significantly strengthened O’Brien’s defense. Indeed, if believed, the additional evidence would have rendered it virtually impossible for O’Brien to have committed the murder with which he' was charged, given the location of the murder and the State’s theory as to when it took place. The State’s theory was that the murder occurred between 10:30 a.m. and 11:30 a.m. O’Brien had a solid alibi, which the State did not contest, establishing that he was at home throughout the period both before and after that one-hour window. To take one example of the additional evidence that could have been introduced, O’Brien’s state habeas petition alleged that trial counsel could have introduced evidence establishing that O’Brien made and received telephone calls at home at 10:49 a.m. and 11:14 a.m. on the day of the murder, leaving only a 25-minute “gap” in his alibi. Other evidence established that the round-trip drive between O’Brien’s home and the location of the murdér took at least 36 minutes, which could well have caused jurors to doubt whether O’Brien participated in the crime. That is particularly true here because there was no physical evidence directly tying O’Brien to the murder and, according to the allegations ■ in O’Brien’s habeas petition, defense counsel could have introduced evidence undermining the credibility of the testimony offered by the State’s key witnesses. ■ In light of these and the other allegations made in O’Brien’s state habeas petition, no fair-minded jurist could accept all of the allegations as true and still conclude that there was no reasonable probability the result of the trial would have been different. As a result, the state ‘ court’s decision denying O’Brien’s ineffective assistance of counsel claim is not entitled to deference under 28 U.S.C. § 2254(d).
Because the state court did not address deficient performance in connection with these allegations, our review of that prong is de novo. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir.2002). Crediting O’Brien’s allegations, trial counsel faded to present critical alibi evidence that might have raised a reasonable-doubt regarding whether O’Brien could possibly have participated in the crime. “Competent counsel would not have failed” to put such evidence before the jury. See Cannedy, 706 F.3d at 1166.
Because the allegations in O’Brien’s federal habeas petition establish a colorable claim for. relief, and because the allegations are not inherently incredible or refuted by the,existing state court record, the district court could not reject his ineffective assistance of counsel claim without holding an evidentiary hearing. See Earp v. Ornoski, 431 F.3d 1158, 1167 (9th Cir.2005); cf. Hibbler v. Benedetti, 693 F.3d 1140, 1149 (9th Cir.2012). We therefore reverse the district court’s denial of O’Brien’s ineffective assistance of counsel claim , to the extent the claim is predicated on alleged deficiencies in trial counsel’s presentation of O’Brien’s defense, and remand with instructions . to hold an eviden-tiary hearing with respect to the allegations referenced in Claim 6, summary paragraphs .(c), (d), (e), (f), (h), (i), (k), and (m) of O’Brien’s federal habeas petition.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
Costs on appeal are awardéd to Appellant.

 This disposition is,, not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.